NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RESURGE, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>L'OR DE SERAPHINE, LLC,<br><br>　　　　　　　　Defendant. | Civil Action No. 23-21138 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon the Motion to Dismiss Plaintiff Resurge, LLC's ("Plaintiff") Complaint (ECF No. 1), filed by Defendant L'Or De Seraphine, LLC ("Defendant"). (ECF No. 6.) Plaintiff opposed the Motion (ECF No. 7), and Defendant replied (ECF No. 8). The Court has considered the parties' written submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

**I.　BACKGROUND**[1]

The facts alleged in the Complaint are brief. Plaintiff is a New Jersey limited liability company that "provides services as a third-party logistics company which functions as a direct fulfillment for its clients." (Compl. ¶¶ 1-2, ECF No. 1-1.) Defendant is a limited liability company doing business in New Jersey. (*Id.* ¶ 3.)

---

[1] For purposes of considering Defendant's Motion, the Court accepts all factual allegations in Plaintiff's Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

On March 14, 2021, Plaintiff and Defendant entered into a Warehousing and Fulfillment Service Agreement (the "Agreement"), which sets forth that Plaintiff[2] would provide Defendant with services related to the receipt, storage, packaging, and shipment of Defendant's products to Defendant's customers. (*Id.* ¶ 4.) The Agreement also stated that "related customer service and administrative functions" would be provided. (*Id.*) From March 14, 2021, through June 29, 2022, Plaintiff provided services to Defendant pursuant to the Agreement. (*Id.* ¶ 5.)

Although Plaintiff issued invoices to Defendant for the services rendered, Defendant has yet to pay a total balance of $127,214.75, despite Plaintiff's request and demand that payment be made. (*Id.* ¶¶ 6-7.)

On August 25, 2023, Plaintiff brought this action against Defendant in the Superior Court of New Jersey, Monmouth County, alleging two unnamed counts. (*See generally* Compl.) Defendant timely removed the case to this Court (Notice of Removal, ECF No. 1), and subsequently filed a motion to dismiss (ECF No. 6). Plaintiff opposed (ECF No. 7), and Defendant replied (ECF No. 8).

## II.   LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss under Federal Rule of Civil Procedure[3] 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true, all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable

---

[2] Strangely, the Complaint states that "'the Debtor' provided [Defendant] with services." (Compl. ¶ 4.) The Court construes "the Debtor" to be a typographical error and for the term to refer to Plaintiff.

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   DISCUSSION

Pursuant to Rule 12(b)(6), Defendant moves to dismiss Plaintiff's Complaint because the Complaint fails to include any specific facts providing Defendant with fair notice of the allegations against it. (Def.'s Moving Br. 7, ECF No. 6.) Defendant also argues that Plaintiff appears to improperly allege an open book account claim. (*Id.* at 9.) The Court agrees with Defendant.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In parallel, a plaintiff's complaint must give a defendant "fair notice" of its claims and the grounds on which they rest. *Okogun v. Miller*, No. 23-2640, 2023 WL 5417428, at *2 (D.N.J. Aug. 22, 2023) (citation omitted).

Here, Plaintiff fails to provide Defendant with such fair notice. As an initial matter, Plaintiff's Complaint is unclear as to what claims and theories Plaintiff asserts against Defendant—each of the two counts asserted by Plaintiff is untitled and not specified. (*See generally* Compl.)

*See Aptsiauri v. CSAA Gen. Ins. Co.*, No. 23-3881, 2023 WL 8481476, at *2 (D.N.J. Dec. 6, 2023) (dismissing plaintiff's complaint because plaintiff "provide[d] no other details in his [c]omplaint as to the legal claim [p]laintiff brings against [d]efendant or the reasons why [p]laintiff is 'entitled to [such] relief.'").

In the unnamed first count, Plaintiff asserts that "[Plaintiff] provided services to [Defendant] pursuant to the Agreement" and that there is a "total unpaid balance due from [Defendant] to [Plaintiff] after giving credit for payments made [of] $127,214.75 . . . ." (Compl. ¶¶ 5, 7.) Even if the Court were to construe Plaintiff's claim as a breach of contract claim, Plaintiff's allegations are insufficient to sustain such a claim. "To state a claim for breach of contract, plaintiff must allege the following: (1) the existence of the contract; (2) breach of the contract;[4] (3) damages as a result of the breach; and (4) that plaintiff performed its duties under the contract." *Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) (citing *Faistl v. Energy Plus Holdings, LLC*, No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012)). "The plaintiff must also specifically identify portions of the contract that were allegedly breached." *Id.*

Here, Plaintiff fails to specify what provisions of the Agreement were allegedly breached.[5] Plaintiff merely asserts that there is a "total unpaid balance due from [Defendant] to [Plaintiff] after giving credit for payments made [of] $127,214.75 . . . ." (Compl. ¶ 7.) Based on the sparse allegations, the Court is unable to "discern, based on the pleadings, what amounts [Plaintiff may] have overcharged, . . . what 'amount [Plaintiff] actually incurred[,]'" and whether any amount was

---

[4] Indeed, "[f]ailure to make contractually required payments constitutes a material breach." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 151 (D.N.J. 2013) (citing *Magnet Resources, Inc. v. Summit MRI, Inc.*, 723 A.2d 976, 982 (N.J. App. Div. 1998)).

[5] In fact, Plaintiff fails to reference any language from the Agreement or include the Agreement as an exhibit in its Complaint for the Court's consideration. (*See generally* Compl.)

already paid,[6] among others. *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (dismissing plaintiff's breach of contract claim for failure to plead sufficient facts). Put simply, "[b]ecause [Plaintiff] does not identify which contractual duty [Defendant] supposedly breached, [it] has failed to provide the notice required by Rule 8(a). *Mercado v. Bank of Am., N.A.*, No. 12-1123, 2012 WL 5629749, at *3 (D.N.J. Nov. 15, 2012) (citing *Twombly*, 550 U.S at 555 (internal quotations omitted)); *see also Logical Design Sols., Inc. v. CVS Pharmacy, Inc.*, No. 20-12077, 2021 WL 926614, at *4 (D.N.J. Mar. 11, 2021) (finding that plaintiff did not "adequately plead its claim for breach of contract" because plaintiff did "not point to any specific provisions or essential terms of the [contract] that were breached by [defendant]. Rather, [plaintiff] merely states in a conclusory fashion that "[defendant] breached the [contract] by failing to pay the fees owed to [plaintiff] under the same. . . . This alone is insufficient to support [p]laintiff's claim for breach of contract, as it does not rise to the level of plausibility required by *Twombly* and *Iqbal*.").

In the unnamed second count, Plaintiff simply alleges that "[t]he total of $127,214.75 has been demanded and there is money due to the Plaintiff from the Defendant on a book account."

---

[6] The Court refers briefly to an exhibit filed by Defendant with its opposition brief, which the Court may consider because the exhibit is a matter of public record. *See City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and *matters of public record*." (citation omitted)). Defendant states that Plaintiff filed a Voluntary Petition for Relief in the Bankruptcy Court for the District of New Jersey. (Def.'s Opp'n Br. 2; *see id.*, Ex. B, ECF No. 6-3.) Defendant attaches and cites in its opposition brief, an order issued by the Bankruptcy Court which confirms that "[Defendant] owes no pre-petition monies to [Plaintiff] and [Plaintiff] waives and releases any such claim[.]" (Def.'s Opp'n Br. 2-3; *see id.*, Ex. C, ECF No. 6-4.) Plaintiff fails to specify and provide well-pled allegations in its Complaint, and thus it is unclear whether Plaintiff is seeking damages that may have already been waived.

(Compl. ¶ 10.) Here, to the extent Plaintiff asserts a book account claim[7] in conjunction with a breach of contract claim, the Court also dismisses the claim for the same reasons discussed above. *See Fintech Consulting v. ClearVision Optical Co.*, No. 12-4956, 2013 WL 1845850, at *5 (D.N.J. Apr. 30, 2013) ("The law of 'book account' balance is murky at best, and the cause of action, while seemingly recognized in . . . New Jersey . . . , *requires the same elements as a breach of contract claim*." (emphasis added) (citing *Darush, LLC v. Macy's, Inc.*, No. 12–2167, 2012 WL 2576358, at *2 (D.N.J. July 03, 2012))).

In sum, Plaintiff's allegations fall short of Rule 8(a) standards and fail to provide Defendant with fair notice of the claims and grounds upon which they rest.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] Under New Jersey law, "[a] book-account cause of action for services provided under a contract arises immediately upon the completion of those services." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 753 (D.N.J. 2013) (quoting *Kelsey v. Paparozzi*, No. A-6267-5T5, 2007 WL 2947650, at *2 (N.J. Super. Ct. App. Div. Oct. 11, 2007)).